The State, ex rel. Songer, Gdn., *v.* Baber, Supt.

(No. 7862—Decided April 12, 1954.)

*Mr. Sol Goodman,* for relator.

*Mr. C. Wm. O'Neill,* attorney general, *Mr. Hugh A. Sherer* and *Mr. George F. Patterson, Jr.,* for respondent.

Ross, J. This is an action in mandamus, originally instituted in this court.

By virtue of the writ, the relator seeks the mandate of this court, requiring the defendant, Superintendent of Longview State Hospital of Cincinnati, Ohio, to admit as a patient in such hospital one George W. Songer, a mental incompetent.

The case is presented upon the allegations of the petition and demurrer thereto by the defendant.

In the petition it is alleged that "on the 7th day of October, 1953, a warrant of detention was duly issued

502

according to law by the probate judge of Hamilton County, Ohio, for the detention of George W. Songer, a person thought to be mentally ill''; that ''the Probate Court having set the case for hearing, and after examining the said George W. Songer and causing an examination of the said George W. Songer to be made by two reputable physicians and having a report of said physicians made a part of the court record, and being satisfied that the said George W. Songer is mentally ill, did, in accordance with law, adjudge the said George W. Songer to be mentally ill''; that ''the said Probate Court did further find that the said George W. Songer has a legal settlement in Hamilton County, Ohio; that he has been a resident of the state of Ohio for not less than twelve (12) consecutive months next preceding said order by the Probate Court of Hamilton County, Ohio; that his said mental illness has occurred during the time he has resided in the state of Ohio; and that his being at large is dangerous to the community and that he is a suitable person for observation and treatment at the Longview State Hospital at Cincinnati, Ohio''; that ''the said Probate Court of Hamilton County, Ohio, did order the medical witnesses in attendance [to] make out a medical certificate setting forth the facts as provided by law, and further duly ordered that said George W. Songer be committed to the Longview State Hospital at Cincinnati, Ohio, for treatment and custody''; that ''the said Longview State Hospital has been duly designated according to law as the proper State hospital for the mentally ill from Hamilton County, Ohio''; that ''the said George W. Songer is over seventy (70) years of age and that the said Probate Court of Hamilton County, Ohio, committed the said George W. Songer to the Longview State Hospital pursuant to the provisions of Revised Code of Ohio, Section 5123.23''; that ''the said Probate Court

of Hamilton County, Ohio, made such order pursuant to said Section 5123.23 (A) of the Revised Code of Ohio, said Longview State Hospital being the only state hospital, person, institution or agency to which said George W. Songer could be committed, it being not feasible under the circumstances to commit the said George W. Songer under divisions (B), (C), (D), (E) or (F) of said section, or any of said divisions''; that ''on the 16th day of November, 1953, the said Probate Court of Hamilton County, Ohio, under its official seal, then and there duly designated Dan Tehan, sheriff of Hamilton County, Ohio, to immediately take charge of and convey the said George W. Songer to Longview State Hospital and to make return thereof to the Probate Court of Hamilton County, Ohio; that the said Dan Tehan, as sheriff of Hamilton County, Ohio, through his duly authorized deputy, did take charge of and convey the said George W. Songer to Longview State Hospital at Cincinnati, Ohio, and that the defendant, Erl A. Baber, superintendent of said hospital, being duly served with certified copies of said proceedings according to law, refused to accept the person of the said George W. Songer and refused to obey the order of commitment of the Probate Court of Hamilton County, Ohio''; ''that the said quoted provision of said Section 5123.23 of the Revised Code of the state of Ohio is null and void and is in violation of Sections 1 and 2 of Article I, Section 26 of Article II, and Sections 1 and 7 of Article IV of the Constitution of the state of Ohio and of Section 1 of the Fourteenth Amendment to the Constitution of the United States''; that ''by reason of the failure of the said defendant as aforesaid, the said George W. Songer is denied admission to the state hospital and there is no other state hospital or other public or private hospital that will afford him a place for residence and treatment''; that ''Samuel

Songer is the son of said George W. Songer, and that he does not have means wherewith to provide for the private care of said George W. Songer, that said George W. Songer is temporarily stationed and placed in the Burns Rest Home at Fulton and Nassau Streets, and that the charges for said keep and maintenance amount to one hundred eighty ($180) dollars per month, and that said George W. Songer has no estate or means wherewith to pay said charges, nor does Samuel Songer have funds wherewith to provide such private rest home for his said father, George W. Songer''; that ''there is no plain or adequate remedy in the ordinary course of law or equity for the relief of said George W. Songer and by reason of the failure of the defendant as aforesaid, said George W. Songer is left without a place for residence or care and is left out without any provision made for his care and custody, thus making it a menace to the public, contrary to the public welfare and contrary to the rights of said George W. Songer under the laws and the Constitution of the state of Ohio and the Constitution of the United States.''

The sole question herein considered is the constitutionality of Section 5123.23, Revised Code, under the provisions of which the orders of the Probate Court were made.

On March 17, 1954, the Supreme Court decided the case of *State, ex rel. Steer, Gdn., v. Baber, Supt.,* 161 Ohio St., 211.

No court. is more sensitive to the requirements of judicial subordination than this tribunal. However, there is presented here an entirely different situation than one in which the judgment of a Court of Appeals, sustaining the constitutionality of a statute, is affirmed by the Supreme Court in at least a six to one decision.

No Court of Appeals, to our knowledge, has passed upon the instant question.

In the *Per Curiam* opinion in *State, ex rel. Steer, Gdn.,* v. *Baber, Supt., supra,* it is stated:

"For the reason that fewer than six members of the court are of the opinion that the above-quoted provision of the section is unconstitutional, the court cannot so declare it. Therefore, relator is not entitled to the relief prayed for."

Section 2 of Article IV of the Ohio Constitution provides in part:

"No law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void."

In view of the negative character of the pronouncement in the *Baber case,* this court is of the opinion while entertaining the deepest respect for the Supreme Court, that that tribunal has left open the door to future consideration of the statute by Courts of Appeals.

Much the same situation here presented was involved in the action of the Supreme Court upon the constitutionality of Section 3963, General Code, although there the first decision of the Supreme Court was rendered in the consideration of an appeal from the Court of Appeals for Cuyahoga County, sustaining the constitutionality of the statute. *City of East Cleveland* v. *Board of Education,* 112 Ohio St., 607, 148 N. E., 350. The matter was again presented to the Supreme Court in an appeal from a judgment of the Court of Appeals for Franklin County, wherein the section of the statute was held unconstitutional, and the Supreme Court affirmed such judgment in a five to two decision, finally determining the unconstitutionality of the statute. *Board of Education* v.

*City of Columbus,* 118 Ohio St., 295, 160 N. E., 902. In the opinion by Chief Justice Marshall, it is stated:

"In the *East Cleveland case,* the lower courts had declared Section 3963 to be constitutional, and two members of this court were empowered to affirm that judgment over the dissent of the other five. In the instant case, the situation is reversed, the lower courts having declared the statute unconstitutional and void, and a majority of the court have power to affirm that judgment. The several members of this court entertain their respective views upon the legal questions involved, as expressed in the opinions published in that case, and the dissenting opinion in that case becomes the reasons of the five members of this court in support of the judgment of affirmance of the judgment in the instant case, and that opinion will therefore be adopted by reference and without repetition."

A difference exists in the parallel in that from the report of the *Baber case* it appears that only two judges concurred in the dissent of Judge Stewart. This, however, does not change the proposition that this court has precedent for its action, and is not guilty of judicial insubordination in considering the constitutionality of a statute which has been only approved by a negative finding of insufficient personnel of the court to declare it unconstitutional.

Coming now to consider the matter on the demurrer, we adopt the reasons and conclusions of Judge Stewart in *State, ex rel.,* v. *Baber, Supt., supra,* as the decision of this court, finding Section 5123.23, Revised Code, unconstitutional. Therefore, the demurrer will be overruled, and if the defendant does not desire to plead further, a writ may be issued pursuant to the prayer of the petition.

*Judgment accordingly.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.